UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| SCOTT ESTES, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 1:11-CV-9 SNLJ |
| PILOT TRAVEL CENTERS, LLC, | ) ) ) |
| Defendant. | ) |

### MEMORANDUM AND ORDER

This matter is before the Court on review of the file following assignment to the undersigned. The Eight Circuit has admonished district courts to "be attentive to a satisfaction of jurisdictional requirements in all cases." *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987). "In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments." *Carlson v. Arrowhead Concrete Works, Inc.*, 445 F.3d 1046, 1050 (8th Cir. 2006). "A plaintiff who seeks to invoke diversity jurisdiction of the federal courts must plead citizenship distinctly and affirmatively." 15 James Wm. Moore, et al., *Moore's Federal Practice* § 102.31 (3d ed. 2010). Because this action has been removed from state court to this Court, the party seeking to invoke diversity jurisdiction is the defendant; however, the party seeking removal has burden of establishing federal subject matter jurisdiction. *In re Business Men's Assur. Co. of America*, 992 F.2d 181, 183 (8th Cir. 1993).

The Petition for Removal (#1) asserts that the Court has jurisdiction over the action pursuant to 28 U.S.C. § 1332 because the lawsuit is between citizens of different States and the matter in controversy exceeds the sum of $75,000. The Petition alleges that "it is believed that [plaintiff] is a resident of the State of Missouri." Further, the Petition alleges that defendant Pilot

Travel Centers, LLC ("Pilot") "is a corporation, whose state of incorporation and principal place of business is in a state other than the State of Indiana." Although the Court suspects that a typographical error may have resulted in defendant using the term "State of Indiana," it remains that these allegations are insufficient for the Court to determine whether it has diversity jurisdiction over this matter.

Aside from the suspected typographical error, the defendant's citizenship here has been addressed like that of a corporation, which is a citizen of its state of organization and its principal place of business. *See* 28 U.S.C. §§ 1332(a), (c)(1); *Sanders*, 823 F.2d at 215 n.1. However, defendant's name, "Pilot Travel Centers, LLC" indicates that it may in fact be a limited liability company. The Eighth Circuit has held that limited liability companies are citizens of every state of which any member is a citizen. *See GMAC Commercial Credit, LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004). Thus, the Court must examine the citizenship of each member of Pilot, a limited liability company, to determine whether diversity jurisdiction exists. The Petition for Removal contains no allegations concerning the members of Pilot Travel Centers, LLC or their citizenship.

The Court will grant defendant twenty-one (21) days to file an amended petition which alleges facts showing the existence of the requisite diversity of citizenship of the parties. If defendant fails to timely and fully comply with this Order, the Court will dismiss this matter without prejudice for lack of subject matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that, by June 16, 2011, defendant shall file an amended removal petition which shall allege facts establishing the citizenship of each of the defendant LLC's members.

**IT IS FURTHER ORDERED** that if defendant does not timely and fully comply with this order, this matter will be remanded for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that all other proceedings in this case are **STAYED** pending further order of this Court.

Dated this __26th__ day of May, 2011.

_____
UNITED STATES DISTRICT JUDGE