UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| SCOTT ESTES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 1:11-CV-9 SNLJ |
| | ) |
| PILOT TRAVEL CENTERS, LLC, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on review of the defendant's Amended Petition for Removal. On May 26, 2011, this Court ordered the defendant to file an amended petition alleging facts to establish the existence of the requisite diversity of citizenship of the parties. The defendant filed its Amended Petition for Removal on June 16, 2011 (#12). The Court has examined the Petition and notes that defendant Pilot Travel Centers, LLC ("Pilot") has now listed each of its members, including three corporations and two limited partnerships. However, the Amended Petition does not include adequate information from which to ascertain the citizenship of the member corporations or the limited partnerships.

As the Court stated in its May 26 Order, because limited liability companies such as Pilot are citizens of every state of which any member is a citizen, *see GMAC Commercial Credit, LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004), the Court must examine the citizenship of each member of Pilot, a limited liability company, to determine whether diversity jurisdiction exists. A corporation is a citizen of both its state of organization and the state where it has its principal place of business. *See* 28 U.S.C. §§ 1332(a), (c)(1). Defendant has listed each member corporation's state of incorporation, but not the principal places of business. Moreover,

defendant lists two limited partnerships as members and identifies what are presumably the states of "incorporation" for both. As with limited liability companies, each limited partnership is a citizen of every state of which any member is a citizen, *see GMAC Commercial Credit*, 357 F.3d at 829, and, as such, the defendant has not adequately alleged citizenship for the limited partnerships.

The Court will grant defendant twenty-one (21) days to file an amended petition which alleges facts showing the existence of the requisite diversity of citizenship of the parties. If defendant fails to timely and fully comply with this Order, the Court will dismiss this matter without prejudice for lack of subject matter jurisdiction.

This Court also notes that defendant refers repeatedly to the "Pemiscot Circuit Court," which, in a liberal reading this Court assumes to be the Pemiscot County Circuit Court. It also is noted that defendant refers both to the "Pemiscot Circuit Court, Missouri," and the "Pemiscot Circuit Court, Indiana." This Court trusts that counsel will correct these careless errors.

Accordingly,

**IT IS HEREBY ORDERED** that, by July 26, 2011, defendant shall file an amended removal petition which shall allege facts establishing the citizenship of each of the defendant LLC's corporation and limited partnership members.

**IT IS FURTHER ORDERED** that if defendant does not timely and fully comply with this order, this matter will be remanded for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that all other proceedings in this case are **STAYED** pending further order of this Court.

Dated this 5th day of July, 2011.

                                               /s/ Stephen N. Limbaugh, Jr.
                                               UNITED STATES DISTRICT JUDGE